IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMED R. AL-'OWHALI,

    Plaintiff,

v.

DANIEL SPROUL and
JOHN HUGHES,[1]

    Defendants.

Case No. 25-cv-235-NJR

# INITIAL SCHEDULING AND DISCOVERY ORDER

**ROSENSTENGEL, District Judge:**

This case is now past the threshold review of the complaint under 28 U.S.C. § 1915A, and Defendants have answered. Because litigation can be difficult for *pro se* prisoners, this Order is being issued to help explain and streamline the process. The parties should closely read this Order, which contains important information on deadlines, discovery, and the Court's procedures. Failure to follow this Order may result in sanctions, including dismissal of the case. The parties also should review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois. The following procedures will apply to this case.

I. **Initial Partial Filing Fee**

The Court notes that Plaintiff has paid his filing fee in full.

---

[1] John Hughes has now identified himself by his proper name. The Clerk of Court is **DIRECTED** to correct the docket to reflect Hughes's proper name.

1

## II. Initial Disclosures and Pretrial Filings

A. Plaintiff shall have until **February 5, 2026,** to produce to Defendants the following information related to Plaintiff's allegations:

1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and

3. A signed release for medical records.

**Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

B. Defendants shall have until **February 17, 2026,** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1. Incident reports or reports/statements of persons with knowledge of the incidents;

2. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff;

3. Grievances, grievance responses, grievance logs, any other internal correspondence about grievances or related kites, plaintiff's cumulative counseling summary, and any other log of interactions with staff during the relevant time; and

4. Copies of relevant medical records.

**Defendants may object to the production of the above for specific security or other concerns.**

## III.  Amendments to the Complaint

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15 and Local Rule 15.1. If Plaintiff later seeks to file an amended complaint pursuant to Rule 15.1(a)(1), he must send both the proposed amended complaint and a motion asking for leave (permission) to file the amended complaint. Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff should file a motion asking for leave to amend the complaint, the following rules shall apply:

A.  Plaintiff shall have until **March 10, 2026,** to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

B.  Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

C.  Plaintiff's motion should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must

3

comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new or amended material in a proposed amended pleading must be underlined or submitted in redlined form." SDIL-LR 15.1(b)(2). Failure to comply with this requirement will result in rejection of the proposed amended complaint.

## IV.   Exhaustion of Administrative Remedies

Under Federal law, a prisoner must exhaust available administrative remedies *before* filing a lawsuit that challenges prison conditions. 42 U.S.C. § 1997e(a). The Defendants raised the affirmative defense of exhaustion in the answer, so the parties must now use the following procedures to further address this issue.

If a motion for summary judgment is filed on the issue of exhaustion, the parties must follow Local Rule 56.1. The Rule requires that a motion or response has a statement of material facts, and that each fact is supported by specific evidence. To respond to a motion, an inmate must, to the best of their ability, respond to each individual paragraph of material fact, by saying that he agrees, disagrees, or only agrees with some of the facts. An inmate may also include their own statement of additional facts, supported by the evidence. If the Local Rule is not followed, or statements of fact are not properly formatted or supported, a brief may be stricken, or a fact may be disregarded if not supported, or be treated as established if not contested.

All evidence submitted by the parties must be in a plain, legible format. If the parties include charts or grievance logs, they should work to ensure the formatting is easy to read and understand. The parties should also take care to limit the evidence to the

4

necessary timeframe associated with the operative claims. Supplying excessive irrelevant records is strongly disfavored.

    **A.** Defendants shall have until **April 7, 2026,** to file a motion for summary judgment on the issue of exhaustion of administrative remedies. A motion must be supported by copies of relevant grievances, any grievance or counseling logs, any other relevant documents concerning exhaustion (such as a copy of the exhaustion procedures for a facility), and any necessary supporting affidavits that address contested issues. If Defendants believe the exhaustion dispute may involve a *Perttu*[2] intertwinement issue, they shall address the impact of *Perttu* in the summary judgment briefing, and they may immediately ask to defer the issue of exhaustion to trial. Defendants must provide Plaintiff with a notice about their obligation to respond, with details about what is required in a response. SDIL-LR 56.1(j). **If Defendants decide prior to the deadline that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

    **B.** In responding to the motion, Plaintiff must include: a response to the statement of material fact, any statement of additional material facts, any relevant supporting evidence for their factual contentions (such as additional grievances or a declaration based on personal knowledge), and an argument

---

[2] *Perttu v. Richards*, 605 U.S. ____, 145 S.Ct. 1793 (June 18, 2025) (holding that if a factual dispute on exhaustion is intertwined with a factual dispute that goes to the merits of the underlying substantive claim, then a jury trial is required on the intertwined issue(s)).

about the steps taken to exhaust administrative remedies. If Plaintiff believes the exhaustion dispute may involve a *Perttu* intertwinement issue, they shall address the impact of *Perttu* in the summary judgment briefing. Plaintiff must serve all responsive materials on Defendants. **Plaintiff is <u>WARNED</u> that the failure to respond to the motion for summary judgment may result in an Order granting the motion.**

C. The Court will await the filing of a motion for summary judgment on exhaustion before determining whether a hearing is necessary on the exhaustion issue, or if the issue must be deferred for trial.

## V. Late Appearing Parties

For any party entering an appearance after the date of this Order (for example, a Defendant added by Plaintiff through an amended complaint):

A. Plaintiff shall make the initial disclosures required by Section II(A) of this Order within 30 days from the new party's appearance;

B. The new party shall make the initial disclosures required by Section II(B) of this Order within 45 days from its appearance in this case;

C. The new party shall have 60 days from the date of its Answer to file a motion for summary judgment for failure to exhaust administrative remedies.

## VI. Discovery

Aside from the initial disclosures required by this Order, discovery on the merits of Plaintiff's claims is **STAYED** until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation

6

Reform Act.

This stay applies to every Defendant regardless of whether that Defendant has moved for summary judgment on the issue of exhaustion. To be clear, **absolutely no discovery on the merits** of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted.

Once the Court resolves the issue of exhaustion of administrative remedies, or if Defendants decide not to file a motion for summary judgment on the issue of exhaustion, the stay on discovery will be lifted. A second scheduling order will then be entered setting deadlines for discovery, dispositive motions, and trial.

### VII. Other Matters

The parties are reminded of the availability of a United States Magistrate Judge to preside over this matter, including trial, should they wish to consent. The Clerk of Court is **DIRECTED** to attach a copy of the "Notice and Consent to Proceed Before a Magistrate Judge" form to this Order.

Finally, the Clerk of Court is **DIRECTED** to correct the docket in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:  January 6, 2026**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**United States District Judge**
