IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMED R. AL-'OWHALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Civil No. 3:25-cv-235-NJR |
| | ) |
| DANIEL SPROUL and J. HUGHES, | ) |
| | ) |
| Defendants. | ) |

**NOTICE TO *PRO SE* PLAINTIFF OF CONSEQUENCES OF FAILING TO RESPOND TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Kyle Christopher Oehmke, Assistant United States Attorney, submit this notice to *pro se* Plaintiff of consequences of failing to respond to Defendants' Motion for Summary Judgment pursuant to Rule 56 against Plaintiff.

Defendants hereby give notice to the *pro se* Plaintiff, Mohamed R. Al'-Owhali, that the Court may take as true any facts alleged in Defendants' Motion, which is supported by declaration and documentary evidence, unless Plaintiff contradicts those facts with material evidence. If Plaintiff fails to contradict the facts alleged by Defendants, the Court may grant judgment in favor of Defendants and grant the relief requested.

Rule 56 provides, in relevant part:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

\*\*\*

**(c) Procedures.**

**(1)   Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)   Objection That a Fact Is Not Supported by Admissible Evidence.** A  party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)   Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

**(4)   Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

***

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1)    give an opportunity to properly support or address the fact;

> (2)    consider the fact undisputed for purposes of the motion;

> (3)    grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

> (4)    issue any other appropriate order.

Southern District of Illinois Local Rule 56.1 describes special rules of procedure which pertain to responses to summary judgment motions, and it applies equally to represented and *pro se* parties:

\* \* \*

(b) Briefs in opposition to a motion for summary judgment must contain a Response to Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.

(c) An opposing party may provide a Statement of Additional Material Facts in its opposition brief which sets forth any additional material facts in separately numbered paragraphs. The Statement of Additional Material Facts must contain specific citation(s) to the record, including page number(s).

\* \* \*

(f) The Court will disregard any asserted fact that is not supported with a citation to the record, unless the factual basis for the assertion is clearly identifiable from the parties' related citations or permissible inference.

(g) All material facts set forth in a Statement of Material Facts or a Statement of Additional Material Facts shall be deemed admitted for purposes of summary judgment unless specifically disputed.

(h) The Court may strike any motion or response that does not comply with this Local Rule.

Further, Local Rule 7.1(b)(1) provides that you have **thirty (30) days** after the service (*see* Fed. R. Civ. P. 6) of a summary judgment motion in which to serve and file an answering brief.

UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*s/ Kyle Christopher Oehmke*
KYLE CHRISTOPHER OEHMKE
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois   62208-1344
Phone:         (618) 628-3700
Fax:     (618) 622-3810
Email: kyle.oehmke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I electronically filed the foregoing **NOTICE TO** *PRO SE* **PLAINTIFF OF CONSEQUENCES OF FAILING TO RESPOND TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system and I hereby certify that I mailed the document, via the United States Postal Service, to the following non-registered participant:

Mohamed R. al-'Owhali
Reg. No. 42371-054
Big Sandy - U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

*s/ Kyle Christopher Oehmke*
Assistant United States Attorney

4