IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMED R. AL-'OWHALI,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )        Civil No. 3:25-cv-235-NJR
                                  )
DANIEL SPROUL and J. HUGHES,      )
                                  )
            Defendants.           )

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Dan Sproul and John Hughes ("Defendants"), by and through their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Kyle Christopher Oehmke, Assistant United States Attorney, and for their Reply in support of the pending Motion for Summary Judgment (Doc. 27), state as follows:

## REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

In his Response (Doc. 29) to the pending Motion for Summary Judgment, Plaintiff provided a "Statement of Material Facts (Disputed)".  Defendants respond as follows:

1.      "On or about 9-13-21, Plaintiff submitted a BP-9 administrative claim to the Warden at USP Marion."

**RESPONSE:  Admitted.**

2.      "Upon Plaintiff submitting a BP-10 to the Regional Office along with his BP-8 and BP-9 (responses included), the Regional Office retained the BP-9 and did not return a copy to Plaintiff."

> **RESPONSE: Defendants admit Plaintiff submitted a BP-10 to the Regional Office along with his BP-8 and BP-9 (responses included).  Defendants deny the Regional Office retained Plaintiff's copy of the BP-9 and did not return same to Plaintiff.  *See* Supplemental Declaration of Danielle Matz (attached hereto as Exhibit 2), ¶ 4.**

3.      "The Central Office processed and Plaintiff's claim was rejected do [sic] to Plaintiff

not filing a copy of the BP-9 and the Warden's response."

> **RESPONSE: Defendants admit the Central Office sent a rejection notice to Plaintiff with the following explanations:**
>
> - **"You did not provide a copy of your ___ institution Administrative Remedy Request (BP-9) form or ___ a copy of the (BP-9) response from the Warden" (as evidenced by rejection code "IRQ"); and**
>
> - **"You may resubmit your appeal in proper form within 15 days of the date of this rejection notice" (as evidenced by rejection code "RSA").**
>
> **Ex. 1, ¶ 12, Attach. A at 85, Attach. B.**

4.      "Plaintiff did not request a duplicate BP-9 from the Regional Office because (a) the

Regional Office was not supposed to retain his copy, (b) Plaintiff reasonably believed the agency

already had the BP-9, and (c) requesting a copy would have delayed or caused Plaintiff to miss the

Central Office deadline."

> **RESPONSE: Denied. *See* Ex. 2, ¶¶ 3-7. Defendants further submit whether "Plaintiff reasonably believed the agency already the BP-9" has no relevance or bearing on the issues presently before this Court.**

5.      "The Defendants has [sic] not produced conclusive records showing Plaintiff never

submitted a BP-9 to the Regional Office; the dispute over whether Plaintiff filed the BP-9 and

whether exhaustion should be excused is material and genuine."

> **RESPONSE: Defendants admit Plaintiff submitted a BP-9 to the Regional Office. Defendants deny the remainder of this Statement, which represents a conclusion of law to which no response is required. *See* Ex. 1, Ex. 2.**

2

## ARGUMENT

In his Response, Plaintiff concedes he did not exhaust the administrative remedy process as to the one grievance series at issue (Remedy ID #1096088).[1]  This, despite Plaintiff's ample familiarity with the remedy process; indeed, Plaintiff admits he has submitted 175 administrative remedy requests throughout his incarceration at BOP.  Doc. 29, p. 13, ¶ 15.  Plaintiff further admits his administrative remedy must be presented *and accepted* at each level outlined by the Prison Litigation Reform Act, up through and including BOP Central Office.  *See* Doc. 29, p. 13, ¶ 14.  This, despite the uncontested fact that Central Office never accepted the subject remedy submission.  *See* Ex. 1, ¶ 12.  These admissions alone are fatal on the issue of exhaustion.

Plaintiff's Response presents one issue to this Court --- whether the Court should excuse Plaintiff's failure to exhaust with BOP Central Office.  Plaintiff argues in favor of excusal due to the Regional Office's purported failure to return a copy of his BP-9 (and the Warden's response thereto), which he could not then provide to the Central Office.  In other words, Plaintiff maintains a portion of the administrative remedy process was "unavailable" to him due to the BOP's alleged "record retention practice" and purported unwillingness to share documents even though Plaintiff admits he was given an additional 15 days to submit the subject forms.[2]  Doc. 29, p. 6.  Plaintiff's position, however, is contrary to applicable law and unsupported by the record.

The Seventh Circuit has taken a strict compliance approach that requires an inmate to properly use the prison's grievance process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). *See also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative

---

[1]Plaintiff admits he "chose not to resubmit his appeal to the Central Office . . . ."  Doc. 29, p. 14, ¶ 19.

[2]Plaintiff writes, "[T]he Regional Office retained the original copies from the previously filed BP-9 and the Central Office could have retained [requested] those copies from the Regional Office. . . . The Central Office had access to the Regional Office's responses demonstrating that the agency had the substance of Plaintiff's claim so the technical absence of a duplicate BP-9 should not bar judicial review."  Doc. 29, pp. 6, 8.

rules require.").   Exhaustion is necessary even if the prisoner believes the process to be futile. *Dole*, 438 F.3d at 809 (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)).  If an inmate fails to properly utilize the grievance process, the prison administrative authority can refuse to hear the matter such that the inmate's claim is indefinitely unexhausted. *Dole*, 438 F.3d at 809 (citing *Pozo*, 286 F.3d at 1025). "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole*, 438 F.3d at 809 (citing *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)).

An inmate is not required to exhaust an unavailable remedy.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016).  An administrative procedure is unavailable under three circumstances. First, it consistently operates as a dead end, where officers are unable or routinely refuse to provide any relief to inmates.[3]  *Ross*, 578 U.S. at 643.  Second, the administrative scheme is so opaque that an ordinary prisoner cannot discern or navigate it that it practically becomes incapable of use.[4]  *Id.* at 643-44.  Third and finally, an administrative procedure is unavailable when prison administrators hinder inmates from using the grievance process through misrepresentation, intimidation, or machination.  *Id.*

Here, Plaintiff's "unavailability" argument does not comport or align with the three scenarios provided by the *Ross* Court.  If anything, the fact that Central Office afforded Plaintiff an opportunity to resubmit his packet demonstrates availability of the remedy process.

---

[3]The *Ross* Court provided examples of an administrative procedure operating at a dead end, such as a prison handbook directing inmates to submit grievances to a particular office without capacity to review same This is not the case here.  To wit, the Central Office rejected Plaintiff's BP-11 because it did not contain necessary documents, and they communicated with Plaintiff about resubmitting the BP-11 with the missing forms. Plaintiff was allowed to resubmit within 15 days yet failed to do so.

[4]In *Ross*, the Supreme Court found that procedures do not need to be so plain that it would preclude prisoners from making reasonable mistakes or debating its meaning.  578 U.S. at 644. A remedy is unavailable only when it is essentially "unknowable" such that no ordinary prisoner can make sense of what it demands. *Ross*, 578 U.S. at 644 (citation omitted).  Here, Plaintiff, who made several admissions concerning his familiarity and past use of the administrative remedy process, makes no such argument.

4

Moreover, Plaintiff's statements about the document retention practices of the Regional Office (or any other BOP facility for that matter) are speculative and lack adequate foundation. As Plaintiff has not and cannot demonstrate personal knowledge of the records practices of the Regional Office, his comments on this subject should be stricken and/or disregarded. On the other hand, Defendants have submitted competent evidence through the Declaration and Supplemental Declaration of Danielle Matz outlining the relevant records practices of the Regional Office and Central Office. *See* Ex. 1, Ex. 22.

Finally, Plaintiff asks the Court to disregard the following: he was initially provided three copies of his BP-9 and the Warden's response thereto; the Regional Office does not provide the BP-9 or associated response to Central Office; and Plaintiff could have requested extra copies of such documents from prison officials in a variety of different ways. *See* Ex. 2, ¶¶ 3-7.

In sum, it is undisputed BOP Central Office rejected Plaintiff's initial submission due to failure to include all required documents and allowed him 15 days to resubmit. While Plaintiff repeatedly characterizes this opportunity as a "suggestion" and "non critical procedure", Doc. 29, pp. 6, 9, it was, in fact, a requirement prior to the filing of this lawsuit. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). In light of Plaintiff's failure to fulfill this requirement, the Court should grant Defendants' Motion for Summary Judgment.

STEVEN D. WEINHOEFT
United States Attorney

*s/ Kyle Christopher Oehmke*
KYLE CHRISTOPHER OEHMKE
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois  62208-1344
Phone: (618) 628-3700
Fax:    (618) 622-3810
Email: kyle.oehmke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system and I hereby certify that I mailed the document, via the United States Postal Service, to the following non-registered participant:

Mohamed R. al-'Owhali
Reg. No. 42371-054
Big Sandy - U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

*s/ Kyle Christopher Oehmke*
Assistant United States Attorney

6